IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LYNNE ANDERTON,

    Plaintiff,

v.   Civ. No. 04-1233 RLP/WDS

KARL SOMMER, Individually, and SOMMER,
FOX, UDALL, OTHMER, HARDWICK & WISE,
a New Mexico Professional Association, n/k/a
SOMMER, UDALL, HARDWICK, AHERN &
HYATT, a New Mexico Limited Liability Partnership,

    Defendants.

## MEMORANDUM OPNION AND ORDER

THIS MATTER comes before the court on Defendants' Motion for Summary Judgment. The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Plaintiff at the time of filing the Complaint and removal thereof to this court, being a citizen of Florida and the individual Defendant a citizen of New Mexico and the partnership with its principal place of business in New Mexico. The amount in controversy exceeds $75,000.00.

Plaintiff's complaint alleged that Karl Sommer ("Sommer") and his law firm ("the law firm" or "Sommer Udall") were retained by her to handle various matters concerning property she owned in Santa Fe, New Mexico. She alleges negligence, breach of fiduciary duty, fraud and misrepresentation, and negligent misrepresentation. Her claims rest on the alleged mishandling of certain matters involving the property and Sommer Udall's failure to advise her that Sommer had suffered from depression during part of the time he acted as her attorney.

Plaintiff began this lawsuit represented by counsel and she has subsequently moved to New Mexico. Due to Plaintiff's non-cooperation with her attorneys, and after a hearing, counsel was allowed to withdraw on October 31, 2005. [Doc. 39] Discovery was stayed until December 27, 2005 to allow Plaintiff to find new counsel. *Id.* She has not yet retained counsel. *See* Plaintiff's Memorandum in Support of Her Request for Mediation [Doc. 46].[1]

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue of material fact in dispute and that party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Once a properly supported motion has been filed, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial." *Reed v. Bennett*, 312 F.3d 1190, 1193 (10th Cir. 2002) (quoting Fed.R.Civ.P. 56(e)).

Defendants' Motion for Summary Judgment was based on the following undisputed facts: (1) Plaintiff has not identified an expert in her legal malpractice claim; (2) Plaintiff has failed to produce documents ordered by the court on October 18, 2005; and (3) Plaintiff has failed to identify any witnesses to support her claims.

Defendants argue that although Plaintiff alleges causes of action sounding in tort,

---

[1] In response to Defendants' Motion for Summary Judgment, Plaintiff filed her Response to Motion for Summary Judgment [Doc. 45], which directed the court to her Memorandum in Support of Her Request for Mediation [Doc. 46], which the court will treat as her response to the motion for summary judgment.

2

each cause of action is premised on the same allegations: that Sommer failed to perform the professional duties and obligations consistent with the standard of care for lawyers practicing in this state. Defendants' Memorandum in Support of Motion for Summary Judgment [Doc. 43] at 4 (citing Complaint, Count I ¶¶ 16-18; Count II ¶¶ 21-23; Count III ¶¶ 26-31 and Count IV ¶¶ 34-39).

In response, Plaintiff states that she has been ill and has had to move to New Mexico. She requests additional time to secure new counsel[2] and an expert witness. She seeks an immediate mediation of her claims.

Applying New Mexico law:

> To recover on a claim of legal malpractice based in negligence, a plaintiff must prove three essential elements: (1) the employment of the defendant's attorney; (2) the defendant attorney's neglect of a reasonable duty; and (3) the negligence resulted in and was the proximate cause of loss to the plaintiff. . . . . As to the second element, a plaintiff must show, usually through expert testimony, that his or her attorney failed to use the skill, prudence, and diligence of an attorney of ordinary skill and capacity.

*Rancho Del Villacito Condominiums, Inc. v. Weisfeld*, 908 P.2d 745, 748-49 (N.M. 1995) (internal quotation marks and citations omitted).

I agree with Defendants that all of Plaintiff's allegations against Sommer and the law firm are legal malpractice claims for which she needs expert testimony. She alleges that during the time Sommer represented her he was impaired by depression and failed to "exercise the degree of care, skill, knowledge, zealousness and loyalty that is owed by an

---

[2] She contends she needs out of state counsel "due to a concern regarding political issues in New Mexico that may make local attorneys reluctant to take the case." Plaintiff's Memorandum at 4.

attorney to his/her client." She alleges that both Sommer and Sommer Udall had a duty to inform her of Sommer's depression and that both are liable for their negligence, fraud, misrepresentations, etc., which fell below the standard of care, proximately causing her damages.

It is axiomatic that a court may not grant summary judgment merely because the non-moving party failed to respond. *Reed*, 312 F.3d at 1195. *Reed* instructs that the court "must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law."

In this case, Plaintiff's response to the summary judgment motion merely requested additional time to obtain an expert. Although she offers illness and the trials of moving to New Mexico as ostensible reasons for not having secured counsel or an expert, she does not advise the court what efforts, if any, she has taken since October 31, 2005 to obtain representation or an expert. Failure to obtain an expert where one is required may be grounds for entry of summary judgment, when the moving party has made a proper showing. *Zuls v. United States*, 60 F.3d 838, 1995 WL 397067 (10th Cir. 1995) (unpublished opinion).

The court finds that Plaintiff's legal malpractice claim requires expert testimony; that Plaintiff has failed to obtain an expert, despite having had two months to locate one; and that Defendants have filed a properly supported Motion for Summary Judgment.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendants' Motion for Summary Judgment [Doc. 42] is granted and this case is dismissed.

IT IS SO ORDERED.

_____
Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)